**LITE DEPALMA GREENBERG, LLC**
Joseph J. DePalma (jdepalma@litedepalma.com)
Katrina Carroll (kcarroll@litedepalma.com)
Two Gateway Center, Suite 1201
Newark, New Jersey 07102
Tel: (973) 623-3000

**IZARD NOBEL LLP**
Robert A. Izard
Jeffrey S. Nobel
Nicole A. Veno
29 South Main Street, Suite 305
West Hartford, CT 06107
Tel: (860) 493-6292

*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAINIE COHEN on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNILEVER UNITED STATES, INC.,<br><br>Defendant. | Civil Action No.<br><br><br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, by her attorneys, on behalf of herself and all others similarly situated, makes the following allegations pursuant to the investigation of her counsel and based on information and belief, except as to allegations pertaining to personal knowledge as to herself.  Plaintiff believes that substantial additional evidentiary support exists for the allegations set forth herein and will be available after a reasonable opportunity for discovery.

1

## NATURE OF THE ACTION

1.      Unilever USA ("Defendant" or "Unilever") manufactures, sells and distributes TRESemmé brand hair products throughout the United States.  Its "TRESemmé Naturals" line of shampoo and conditioners are marketed and advertised with a campaign that is centered around representations that these products are "Natural."  The term "Naturals" appears on the Principal Display Panel ("PDP") of each of the TRESemmé  Naturals products listed below (collectively, the "Products"):

     a.  Naturals Nourishing Moisture Shampoo;

     b.  Naturals Nourishing Moisture Conditioner;

     c.  Naturals Radiant Volume Shampoo;

     d.  Naturals Radiant Volume Conditioner;

     e.  Naturals Vibrantly Smooth Shampoo; and

     f.  Naturals Vibrantly Smooth Conditioner.

2.      This action seeks to remedy the unfair and deceptive business practices arising from the marketing and sale of the Products as "Natural."[1]  The terms "Naturals," which appears prominently next to a green leaf on the PDP of each product, is false and misleading to a reasonable consumer because the Products contain synthetic ingredients.

3.      As stated in Paragraph 18 below, Plaintiff and the Class paid a premium for the Products over comparable TRESemmé hair and conditioner products that do not purport to be "Natural."

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction over the claims asserted herein individually and on behalf of the Class pursuant to 28 U.S.C. §1332, as amended in 2005 by the Class Action

---

[1] The Merriam-Webster Dictionary defines "natural" as "existing in or produced by nature: not artificial." *See* www.merriam-webster.com/dictionary. The FDA has not defined the term "natural" in the context of cosmetics. To the contrary, on March 7, 2013, the FDA affirmed that "proceedings to define the term 'natural' do not fit within [its] current health and safety priorities." *See* the letter dated March 7, 2013 from the FDA to Plaintiff-Appellant's counsel in *Astiana v. The Hain Celestial Group, Inc.,* Appellate No. 12-cv-17596 (9th Cir.), filed in support of Appellant's Motion for Judicial Notice [ECF No. 8-3] and publicly available on the Ninth Circuit's PACER website.

Fairness Act.  Subject matter jurisdiction is proper because: (1) the amount in controversy in this class action exceeds five million dollars, exclusive of interest and costs; and (2) a substantial number of the members of the proposed classes are citizens of a state different from that of Defendant.  Personal jurisdiction is proper as Defendant is domiciled in New Jersey and has purposefully availed itself of the privilege of conducting business activities within the State of New Jersey.

5.      Venue is proper pursuant to 28 U.S.C. §1391(b)(1) because Defendant is a resident of this district.  Venue is also proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

6.      Plaintiff Lainie Cohen is a resident of Canton, Massachusetts.  Plaintiff purchased TRESemmé Naturals "Radiant Volume Shampoo" and TRESemmé Naturals "Vibrantly Smooth Conditioner" at Target in Stoughton, Massachusetts in April 2013.  Plaintiff viewed the product labels set forth in Paragraph 10 prior to purchasing these Products.  As alleged in Paragraph 18 below, Plaintiff paid a premium for these Products over comparable products that do not purport to be natural.

7.      Defendant Unilever United States, Inc. is a Delaware corporation with its headquarters and principal place of business at 700 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

## SUBSTANTIVE ALLEGATIONS

8.      Consumers have become increasingly concerned about the effects of synthetic and chemical ingredients in food, cleaning, bath and beauty and everyday household products. Companies such as Unilever have capitalized on consumer appetite for "natural products." Indeed, consumers are willing to pay, and have paid, a premium for products branded "natural"

over ordinary products that contain synthetic ingredients.  In 2010, for example, nationwide sales of natural products totaled $117 billion.[2]

9.      TRESemmé is a brand of hair care products owned, manufactured, marketed and sold by Unilever in drug stores, supermarkets and discount stores across the United States.

10.     Defendant falsely represents that the Products are "natural."  As shown below, the word "Naturals" appears on the Products' PDPs:

 

11.     Moreover, TRESemmé has marketed the Products as "natural" on its website and in television advertisements.  Its website[3] touts the "natural" nature of the Products:

[2]http://www.npainfo.org/NPA/About_NPA/NPA/AboutNPA/AbouttheNaturalProductsAssociation.aspx?hkey=8d3a15ab-f44f-4473-aa6e-ba27ccebcbb8

4



    12.    TRESemmé markets the Products in television commercials that falsely represent that the Products are natural.  A television commercial launched in 2010 featured a woman at the hairdresser surrounded by growing green plants:

---

[3] http://www.tresemme.com/product/category/332747/naturals

387070.1



The commercial's narrator states:

> My clients want salon quality and **natural ingredients** in products that work. Here's the secret to getting the best of both worlds: New TRESemme Naturals -- formulas with pure natural ingredients bring your hair's natural beauty to life. Hair is 10x stronger after one use and TRESemme naturals with low sulfates won't dry out or damage hair. **Get salon quality in a natural way**, at a price that feels right. New TRESemmé Naturals: Professional, affordable.

[Emphasis added].

13.     The representation "Naturals" constitutes a representation to a reasonable consumer that the Products contain only Natural ingredients.

14.     This representation is false and misleading to a reasonable consumer because contrary to a customer's reasonable expectations, the Products contain numerous synthetic ingredients, including ingredients that release formaldehyde, or have a high risk of contamination by 1,4 dioxane (a chemical that is "likely to be carcinogenic to humans").[4]

## THE UNNATURAL INGREDIENTS

15.     Directly contrary to Defendant's misrepresentations, the Products contain the following synthetic ingredients:

a.      **Each of the Shampoo Products** contains the following synthetic ingredients:

---

[4] http://www.epa.gov/IRIS/subst/0326.htm

387070.1

i.   ***Ammonium Laureth Sulfate –*** a synthetic surfactant[5]  susceptible to contamination by carcinogens 1,4 dioxane and ethylene oxide.[6]

ii.   ***Bisamino PEG/PPG 41/3 Aminoethyl PG Propyl Dimethicone –*** a synthetic polymer used as a hair conditioning agent susceptible to contamination by carcinogens 1,4 dioxane and ethylene oxide.[7]

iii.   ***Cocamidopropyl Betaine –*** a synthetic surfactant used to boost foaming and control viscosity.[8]

iv.   ***Dipropylene Glycol –*** a synthetic solvent.[9]

v.   ***Disodium EDTA –*** a synthetic chelating agent.[10]

vi.   ***Guar Hydroxypropyltrimonium Chloride –*** a synthetic hair conditioning and antistatic agent.[11]

vii.   ***Hydroxypropyl Methylcellulose –*** a synthetic emulsion stabilizer.[12]

viii.   ***PEG 18 Glyceryl Oleate/Cocoate –*** a synthetic skin conditioning agent susceptible to contamination by carcinogens 1,4 dioxane and ethylene oxide.[13]

ix.   ***Polyquaternium 7-*** a synthetic polymer based on quaternary ammonium compounds used as an antistatic and film forming agent.[14]

---

[5] A surfactant is a chemical used to stabilize mixtures of oil and water by reducing surface tension to ensure ingredients are evenly distributed throughout the product.

[6] http://www.ewg.org/skindeep/ingredient/700373/AMMONIUM_LAURETH_SULFATE/

[7] http://www.ewg.org/skindeep/ingredient/700774/BISAMINO_PEG%3B%3B_PPG-41%3B%3B_3_AMINOETHYL_PG-PROPYL_DIMETHICONE/

[8] http://www.ewg.org/skindeep/ingredient/701520/COCAMIDOPROPYL_BETAINE/.

[9] http://www.ewg.org/skindeep/ingredient/702123/DIPROPYLENE_GLYCOL/

[10] http://www.ewg.org/skindeep/ingredient/702146/DISODIUM_EDTA/

[11] http://www.ewg.org/skindeep/ingredient/702759/GUAR_HYDROXYPROPYLTRIMONIUM_CHLORIDE/

[12] http://www.ewg.org/skindeep/ingredient/703077/HYDROXYPROPYL_METHYLCELLULOSE/

[13] http://www.ewg.org/skindeep/ingredient/704535/PEG-18_GLYCERYL_OLEATE%3B%3B_COCOATE/

[14] http://www.ewg.org/skindeep/ingredient/705124/POLYQUATERNIUM-7/

387070.1

x.   *Quaternium 80 –* a synthetic quaternary ammonium salt used as an antistatic and hair conditioning agent.[15]

xi.   *Sodium Cocoyl Isethionate –* a synthetic surfactant.[16]

xii.   *Sodium Xylene Sulfonate –* a synthetic surfactant.[17]

b.  **TRESemmé  Naturals Vibrantly Smooth Shampoo** contains the following

additional unnatural synthetic ingredients:

i.   *Ammonium Chloride –* a synthetic viscosity controlling agent.[18]

ii.   *Ammonium Lauryl Sulfate –* a synthetic surfactant.[19]

iii.   *DMDM Hydantoin –* a synthetic antimicrobial preservative that releases formaldehyde.[20]

iv.   *Fragrance –* an undisclosed mixture of scent chemicals and ingredients.[21]

v.   *Lauryl Glucoside –* a synthetic surfactant.[22]

vi.   *Propylene Glycol –* an organic alcohol used as a skin conditioning agent that has been associated with contact dermatitis and hives.[23]

c.  **TRESemmé  Naturals Radiant Volume Shampoo, with Sweet Orange**

contains the following additional unnatural synthetic ingredients:

---

[15] http://www.ewg.org/skindeep/ingredient/705493/QUATERNIUM-80/

[16] http://www.ewg.org/skindeep/ingredient/706048/SODIUM_COCOYL_ISETHIONATE/

[17] http://www.ewg.org/skindeep/ingredient/706207/SODIUM_XYLENE_SULFONATE/

[18] http://www.ewg.org/skindeep/ingredient/700366/AMMONIUM_CHLORIDE/

[19] http://www.ewg.org/skindeep/ingredient/700374/AMMONIUM_LAURYL_SULFATE/

[20] http://www.ewg.org/skindeep/ingredient/702196/DMDM_HYDANTOIN/

[21] http://www.ewg.org/skindeep/ingredient.php?ingred06=702512#.

[22] http://www.ewg.org/skindeep/ingredient/703445/LAURYL_GLUCOSIDE/

[23] http://www.ewg.org/skindeep/ingredient/705315/PROPYLENE_GLYCOL/#

387070.1

      i. ***Amino Methyl Propanol*** – a synthetic buffering agent susceptible to contamination by nitrosamines, a carcinogen.[24]

      ii. ***Methylchloroisothiazolinone*** – a synthetic preservative associated with allergic reactions.[25]

      iii. ***Methylisothiazolinone*** – a synthetic preservative associated with allergic reactions that may be neurotoxic.[26]

    d. **TRESemmé Naturals Nourishing Moisture Shampoo** contains the following additional unnatural synthetic ingredients:

      i. ***Amino Methyl Propanol*** – See Paragraph 15(c)(i);

      ii. ***Ammonium Chloride*** – See Paragraph 15(b)(i).

      iii. ***DMDM Hydantoin*** – See Paragraph 15(b)(iii).

      iv. ***Fragrance*** – See Paragraph 15(b)(iv).

      v. ***Lauryl Glucoside*** – See Paragraph 15(b)(vi).

      vi. ***Propylene Glycol*** – See Paragraph 15(b)(vi).

      vii. ***Sodium Methyl Lauroyl Taurate*** – a synthetic surfactant.[27]

    e. **Each of the Conditioner Products** contains the following unnatural synthetic ingredients:[28]

      i. ***Brassica Campestris/Aleurites Fordi Oil Copolymer*** – a synthetic film former.[29]

---

[24] http://www.ewg.org/skindeep/ingredient/700348/AMINOMETHYL_PROPANOL/

[25] http://www.ewg.org/skindeep/ingredient/703924/METHYLCHLOROISOTHIAZOLINONE

[26] http://www.ewg.org/skindeep/ingredient/703935/METHYLISOTHIAZOLINONE/

[27] http://www.ewg.org/skindeep/ingredient/706123/SODIUM_METHYL_LAUROYL_TAURATE/

[28] Upon information and belief, prior to May 2013, TRESemmé Naturals Radiant Volume Conditioner and TRESemmé Naturals Nourishing Moisture Conditioner Aloe Vera and Avocado contained each of the ingredients listed in Paragraph 15(g)(i)-(iv) as well as Stearamidopropyl Dimethylamine, Fragrance and Lauryl Lysine.

387070.1

    ii.   ***Fragrance*** – see Paragraph 15(b)(iv).

    iii.   ***Lauroyl Lysine*** – a synthetic hair conditioning agent.[30]

    iv.   ***Stearamidopropyl Dimethylamine*** – a synthetic skin conditioning agent.[31]

f.    **TRESemmé  Naturals Nourishing Moisture Conditioner, Aloe Vera and Avocado and TRESemmé  Naturals Radiant Volume Conditioner** additionally contain the following unnatural synthetic ingredients:

    i.   ***Behentrimonium Chloride*** – a quaternary ammonium salt used as a conditioner.[32]

    ii.   ***Cetearyl Alcohol*** – a synthetic emulsion stabilizer.[33]

    iii.   ***Dipropylene Glycol*** – see Paragraph 15(a)(iv).

    iv.   ***Disodium EDTA*** – see Paragraph 15(a)(v).

    v.   ***DMDM Hydatoin*** – see Paragraph 15(b)(iii).

    vi.   ***Methylchloroisothiazolinone*** – see Paragraph 15(c)(ii).

    vii.   ***Methylisothiazolinone*** – see Paragraph 15(c)(iii).

    viii.   ***PEG 150 Distearate*** – a synthetic surfactant susceptible to contamination by carcinogens 1,4 dioxane and ethylene oxide.[34]

    ix.   ***Potassium Chloride*** – a synthetic viscosity controlling agent.[35]

---

[29]http://www.ewg.org/skindeep/ingredient/700820/BRASSICA_CAMPESTRIS%3B%3B_ALEURITES_FORDI_OIL_COPOLYMER/

[30] http://www.ewg.org/skindeep/ingredient/703434/LAUROYL_LYSINE/

[31] http://www.ewg.org/skindeep/ingredient/706289/STEARAMIDOPROPYL_DIMETHYLAMINE/

[32] http://www.ewg.org/skindeep/ingredient/700657/BEHENTRIMONIUM_CHLORIDE/

[33] http://www.ewg.org/skindeep/ingredient/701236/CETEARYL_ALCOHOL/

[34] http://www.ewg.org/skindeep/ingredient/704526/PEG-150_DISTEARATE/

[35] http://www.ewg.org/skindeep/ingredient/705191/POTASSIUM_CHLORIDE/

387070.1

g. **TRESemmé Naturals Vibrantly Smooth Conditioner** additionally contains the following unnatural synthetic ingredients:

i. ***Cetyl Alcohol –*** a synthetic emulsion stabilizer.[36]

ii. ***Distearyldimonium Chloride –*** a quaternary ammonium salt that functions as an antistatic agent and hair conditioning agent.[37]

iii. ***Isopropyl Alcohol --*** a synthetic viscosity controlling agent.[38]

iv. ***Stearyl Alcohol –*** a synthetic emulsion stabilizer.[39]

16.     Upon information and belief, the sales and marketing concepts, plans, communications and materials concerning the Products were conceived, written, approved and implemented by Defendant's employees located at Defendant's headquarters in New Jersey.  In particular, the misrepresentations on the PDPs alleged above were conceived, written, approved and implemented by Defendant's employees located at Defendant's headquarters in New Jersey. The employees responsible for the marketing of TRESemmé brand products, including the Brand Development Manager and the Global Brand Development Manager, are located at Defendant's headquarters in New Jersey.  Accordingly, all of the alleged acts and practices relevant to this litigation emanated from Defendant's headquarters in New Jersey.  Moreover, Defendant received revenues from the sale of the products in New Jersey.

17.     Because the wrongful acts and practices were directed and disseminated from Defendant's headquarters in New Jersey, the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.* (the "CFA") should be applied to the claims of class members nationwide.  If the choice of law question is not ultimately decided in favor of the application of New Jersey law to a

---

[36] http://www.ewg.org/skindeep/ingredient/701263/CETYL_ALCOHOL/

[37] http://www.ewg.org/skindeep/ingredient/702183/DISTEARYLDIMONIUM_CHLORIDE/

[38] http://www.ewg.org/skindeep/ingredient/703198/ISOPROPYL_ALCOHOL/

[39] http://www.ewg.org/skindeep/ingredient/706325/STEARYL_ALCOHOL/

387070.1

nationwide class, Plaintiff states alternative causes of action under the laws of other states of residence of class members having consumer protection laws that are materially similar and not in conflict with New Jersey law.  Because of the material similarity and the absence of any actual conflict of laws, Plaintiff asserts that New Jersey law will ultimately apply to the claims of these class members based on applicable choice of law principles.

18.     As set forth herein, Plaintiff and the members of the classes described below suffered an ascertainable loss in at least the following amounts, in that they paid a premium for the Products over comparable TRESemmé brand products that are not marketed as consisting of natural ingredients:

| **Mislabeled natural product** | TRESemmé  Naturals Shampoo (Vibrantly Smooth, Nourishing Moisture, Radiant Volume) ($5.89-$6.39/25 oz)[40] | |
| | **Price per ounce** | $0.24-0.26/oz |
| **Comparable product not labeled "natural"** | TRESemmé  Smooth and Silky Shampoo[41] ($5.99/32oz), | |
| | **Price per ounce** | $0.19 |
| | Premium paid per ounce | $0.05-$0.07 |
| | ***Premium paid per 25 oz product*** | ***$1.20-$1.75*** |

| **Mislabeled natural product** | TRESemmé  Naturals Conditioner (Vibrantly Smooth, Nourishing Moisture, Radiant Volume) ($5.89-$6.39/25 oz)[42] | |
| | **Price per ounce** | $0.24-0.26/oz |
| **Comparable product not** | TRESemmé  Smooth and | |

[40]http://www.drugstore.com/tresemme-naturals-vibrantly-smooth-shampoo/qxp358754?catid=183504

[41] http://www.drugstore.com/tresemme-smooth-and-silky-shampoo/qxp193984

[42]http://www.drugstore.com/tresemme-naturals-vibrantly-smooth-shampoo/qxp358754?catid=183504

| | | |
|---|---|---|
| **labeled "natural"** | Silky Conditioner[43] ($5.99/32oz) **Price per ounce** | $0.19 |
| | Premium paid per ounce | $0.05-$0.07 |
| | ***Premium paid per 25 oz product*** | ***$1.25-$1.75*** |

19.     Based on the foregoing, Plaintiff and the Classes have been damaged.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action individually and as a class action pursuant to Federal Rules of Civil Procedure Rule 23 on behalf of the following three classes (collectively, the "Classes") as follows:

   a.    All purchasers of the Products in the United States.  Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; any affiliate, legal representative, heir or assign of Defendant; the judge to whom this case is assigned and any member of the judge's immediate family (the "Count I Class"); in the alternative,

   b.    All purchasers of the Products in the States of Alabama, Alaska, Arkansas, California, Connecticut, Delaware, Florida, Hawaii, Illinois, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Missouri, Montana, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Ohio, Rhode Island, South Carolina, Tennessee, Vermont, Washington, West Virginia, Wisconsin and the District of Columbia. Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; any affiliate, legal representative, heir or assign of Defendant; the judge to whom this case is assigned and any member of the judge's immediate family (the "Count III class"); in the alternative,

   c.    All purchasers of the Products in the States of Alaska, Arkansas, California, Connecticut, Delaware, Florida, Hawaii, Illinois, Kentucky, Maine, Maryland, Massachusetts, Michigan, Missouri, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Ohio, Rhode Island, Vermont, Washington, West Virginia, Wisconsin and the District of

---

[43] http://www.drugstore.com/tresemme-smooth-and-silky-conditioner/qxp193988?catid=183403

Columbia.   Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; any affiliate, legal representative, heir or assign of Defendant; the judge to whom this case is assigned and any member of the judge's immediate family (the "Count II Class").

21.   Plaintiff also seeks to represent the following subclass:

a.   All purchasers of the Products in the States of Massachusetts.  Specifically excluded from this Class are Defendant; the officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; any affiliate, legal representative, heir or assign of Defendant; the judge to whom this case is assigned and any member of the judge's immediate family (the "Massachusetts Subclass");

22.   The Classes are sufficiently numerous, as the products are sold in thousands of stores nationwide, including Walmart, Target and Walgreens.  Upon information and belief, the Classes each include thousands of persons who have purchased the Products.

23.   There are questions of law and fact common to the Classes and these questions predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:

a.   whether Defendant advertises or markets the Products in a way that is unfair, deceptive, false or misleading to a reasonable consumer;

b.   whether, by the misconduct set forth in this Complaint, Defendant has engaged in unfair, deceptive, or unlawful business practices with respect to the Products; and

c.   whether, as a result of Defendant's misconduct as alleged herein, Plaintiff and the Classes suffered an ascertainable loss.

24.   Plaintiff will fairly and adequately represent the Classes and has retained counsel experienced and competent in the prosecution of consumer and class action litigation.  Plaintiff has no interests antagonistic to those of other members of the Classes.  Plaintiff is committed to the vigorous prosecution of this action and has retained counsel experienced in litigation of this

nature to represent them.  Plaintiff anticipates no difficulty in the management of this litigation as a class action.

25.     Plaintiff's claims are typical of the claims of the members of the Classes as all members of the Classes are similarly affected by Defendant's wrongful conduct.

26.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Because of the amount of the individual Class members' claims relative to the complexity of the litigation and the financial resources of the Defendant, few, if any, members of the Classes would seek legal redress individually for the wrongs complained of here.  Absent a class action, Class members will continue to suffer damages and Defendant's misconduct will proceed without remedy.

### <u>FIRST COUNT</u>
**(Violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq*. (the "CFA")**
**Brought by Plaintiff on Behalf of the Count I Class)**

27.     Plaintiff restates all prior allegations as though fully pled herein.

28.     As set forth herein, the law of New Jersey applies to all of Defendant's transactions with consumers and the public at large.

29.     Plaintiff brings this count individually and as a class action pursuant to Federal Rules of Civil Procedure Rule 23 on behalf of herself and the Count I class.

30.     Plaintiff is a "person" and "consumer" within the meaning of the CFA.

31.     Defendant's representation that the Products were "Natural" was false and misleading to a reasonable consumer because the Products contained numerous unnatural synthetic ingredients.

387070.1

32.     The unfair and deceptive trade acts and practices of Defendant have directly, foreseeably and proximately caused damages and injury to Plaintiff and the other members of the Count I Class.

33.     In violation of the CFA, Johnson & Johnson has used and employed unconscionable commercial practices, deception, misrepresentations and/or the knowing concealment, suppression, and/or omission of material facts concerning the ingredients in the Products.

34.     The foregoing acts, omissions and representations directly, foreseeably and proximately caused Plaintiff and the Count I Class to suffer an ascertainable loss when they paid a premium for the Products over comparable products that are not marketed as consisting of natural ingredients.

35.     Plaintiff and the Count I Class are entitled to recover damages and other appropriate relief, as alleged below.

## SECOND COUNT
**(Alternative Cause of Action Brought by Plaintiff on Behalf of the Count II Class, for Violations of Certain State Consumer Protection Laws Where Class Members Reside, Where Those State Laws Do Not Materially Conflict with the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq*. (the "CFA"))**

36.     Plaintiff restates the allegations in Paragraphs 1 through 35 as though fully pled herein.

37.     Plaintiff asserts that since the wrongful acts and practices were directed and disseminated from Defendant's headquarters in New Jersey, under the choice of law rules in this jurisdiction, the New Jersey CFA should be applied to the claims of class members nationwide. Plaintiff states the following alternative cause of action under the laws of the states of residence of class members where the state laws do not materially differ and are not in actual conflict with

the law of New Jersey.  Though this Count is pled under these various state laws, Plaintiff asserts that, under choice of law rules, the absence of an actual conflict with New Jersey law requires the ultimate application of New Jersey law.

38.     The practices discussed above all constitute unfair competition or unfair, unconscionable, deceptive, or unlawful acts or business practices in violation of the following state consumer protection statutes:[44]

   a.  **Alaska Unfair Trade Practices and Consumer Protection Act**, Alaska Stat. § 45.50.471, *et seq.*;

   b.  **Arkansas Deceptive Trade Practices Act**, Ark. Code Ann. § 4-88-101, *et seq.*;

   c.  **California Consumer Legal Remedies Act,** Cal. Civ. Code § 1750, *et seq.*, **California Unfair Competition Law,** Cal. Bus. & Prof. Code § 17200, *et seq.*;

   d.  **Connecticut Unfair Trade Practices Act**, Conn. Gen. Stat. § 42-110a, *et seq.*;

   e.  **Delaware Consumer Fraud Act**, Del. Code Ann. tit. 6, §2511, *et seq.*;

   f.  **District of Columbia Consumer Protection Procedures Act,** D.C. Code § 28-3901, *et seq.*;

   g.  **Florida Deceptive and Unfair Trade Practices Act,** Fla. Stat. § 501.201, *et seq.*;

   h.  **Hawaii Unfair and Deceptive Practices Act**, Hawaii Rev. Stat. § 480-1, *et seq.*;

   i.  **Illinois Consumer Fraud and Deceptive Business Practices Act**, 815 Ill. Comp. Stat. § 505/1, *et seq.*;

   j.  **Kentucky Consumer Protection Act**, Ky. Rev. Stat. Ann. § 367.110 *et seq.*;

   k.  **Maine Unfair Trade Practices Act**, Me. Rev. Stat., tit. 5, § 205-A, *et seq.*;

   l.  **Maryland Consumer Protection Act**, Md. Code Ann., Com. Law § 13-101, *et seq.*;

   m.  **Massachusetts Regulation of Business Practices for Consumers' Protection Act**, Mass. Gen. Laws Ann. ch. 93A, § 1 *et seq.*;

---

[44] There is no conflict between these state statutes and the New Jersey CFA because these state statutes (1) do not require reliance by unnamed class members; (2) do not require scienter; and (3) allow class actions.

387070.1

n.  **Michigan Consumer Protection Act,** Mich. Comp. Laws § 445.901 *et seq.*;

o.  **Missouri Merchandising Practices Act**, Mo. Rev. Stat. § 407.010, *et seq.*;

p.  **Nebraska Consumer Protection Act**, Neb. Rev. Stat. § 59-1601 *et seq.*;

q.  **New Hampshire Consumer Protection Act**, N.H. Rev. Stat. Ann. § 358-A:1. *et seq.*;

r.  **New Jersey Consumer Fraud Act**, N.J. Stat. Ann. § 56:8-1, *et seq.*;

s.  **New York Deceptive Acts and Practices Act**, N.Y. Gen. Bus. Law § 349, *et seq.*;

t.  **North Carolina Unfair Trade Practice Act**, N.C. Gen. Stat. § 75-1.1, *et seq.*;

u.  **Ohio Consumer Sales Practice Act**,  Ohio Rev. Code Ann. §1345.01, *et seq.*;

v.  **Rhode Island Unfair Trade Practices and Consumer Protection Act**, R.I. Gen. Laws § 6-13.1-1, *et seq.*;

w.  **Vermont Consumer Fraud Act**, Vt. Stat. Ann. tit. 9, § 2451, *et seq.*;

x.  **Washington Consumer Protection Act**, Wash. Rev. Code § 19.86.010, *et seq.*;

y.  **West Virginia Consumer Credit and Protection Act,** W. Va. Code Ann. § 46A-6-101, *et seq.*; and

z.  **Wisconsin Deceptive Trade Practices Act**, Wis. Stat. § 100.18, *et seq.*;

39.     Plaintiff brings this count individually and as a class action pursuant Federal Rules of Civil Procedure Rule 23 on behalf of herself and the Count II class.

40.     Plaintiff is a "person" and "consumer" within the meaning of the CFA and the materially similar laws of the other states as pled in this Count.

41.     Defendant's representation that the Products were Natural was false and misleading to a reasonable consumer because the Products contained numerous unnatural synthetic ingredients.  The unfair and deceptive trade acts and practices of Defendant have

387070.1

directly, foreseeably and proximately caused damages and injury to Plaintiff and the other members of the Count II Class.

42.     In violation of the CFA and the materially similar laws of the other states as pled in this Count, Johnson & Johnson has used and employed unconscionable commercial practices, deception, misrepresentations and/or the knowing concealment, suppression, and/or omission of material facts concerning the ingredients in the Products.

43.     The foregoing acts, omissions and representations directly, foreseeably and proximately caused Plaintiff and the Count II Class to suffer an ascertainable loss when they paid a premium for the Products over comparable products that are not marketed as consisting of natural ingredients.

44.     Plaintiff and the Count II Class are entitled to recover damages and other appropriate relief, as alleged below.

### <u>THIRD COUNT</u>

**(Alternative Cause of Action Brought by Plaintiff on Behalf of the Count III Class, for Violations of Certain State Consumer Protection Laws Where Class Members Reside, Where Those State Laws Do Not Materially Conflict with the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq*. (the "CFA"))**

45.     Plaintiff restates the allegations in Paragraphs 1 through 44 as though fully pled herein.

46.     Plaintiff asserts that since the wrongful acts and practices were directed and disseminated from Defendant's headquarters in New Jersey, under the choice of law rules in this jurisdiction, the New Jersey CFA should be applied to the claims of class members nationwide. Plaintiff states the following alternative cause of action under the laws of the states of residence of class members where the state laws do not materially differ and are not in actual conflict with the law of New Jersey. Though this Count is pled under these various state laws, Plaintiff asserts

that, under choice of law rules, the absence of an actual conflict with New Jersey law requires the ultimate application of New Jersey law.

47.     The practices discussed above all constitute unfair competition or unfair, unconscionable, deceptive, or unlawful acts or business practices in violation of the following state consumer protection statutes:[45]

a. **Alabama Deceptive Trade Practices Act**, Ala. Code § 8-19-1, *et seq.*;

b. **Alaska Unfair Trade Practices and Consumer Protection Act**, Alaska Stat. § 45.50.471, *et seq.*;

c. **Arkansas Deceptive Trade Practices Act**, Ark. Code Ann. § 4-88-101, *et seq.*;

d. **California Consumer Legal Remedies Act**, Cal. Civ. Code § 1750, *et seq.*, **California Unfair Competition Law,** Cal. Bus. & Prof. Code § 17200, *et seq.*;

e. **Connecticut Unfair Trade Practices Act**, Conn. Gen. Stat. § 42-110a, *et seq.*;

f. **Delaware Consumer Fraud Act**, Del. Code Ann. tit. 6, §2511, *et seq.*;

g. **District of Columbia Consumer Protection Procedures Act,** D.C. Code § 28-3901, *et seq.*;

h. **Florida Deceptive and Unfair Trade Practices Act,** Fla. Stat. § 501.201, *et seq.*;

i. **Hawaii Unfair and Deceptive Practices Act**, Hawaii Rev. Stat. § 480-1, *et seq.*;

j. **Illinois Consumer Fraud and Deceptive Business Practices Act**, 815 Ill. Comp. Stat. § 505/1, *et seq.*;

k. **Kentucky Consumer Protection Act**, Ky. Rev. Stat. Ann. § 367.110, *et seq.*;

l. **Louisiana Unfair Trade Practices and Consumer Protection Law**, La. Rev. Stat. Ann. § 51:1401, *et seq.*;

m. **Maine Unfair Trade Practices Act**, Me. Rev. Stat. tit. 5, § 205-A, *et seq.*;

---

[45] These state statutes do not materially conflict with the New Jersey CFA. The statutes include those statutes listed in the Second Cause of Action as well as additional states whose statutes, like the New Jersey CFA, require neither reliance by unnamed class members nor scienter, but do not permit class actions. Under *Shady Grove Orthopedic Assoc's v. Allstate Ins. Co.* 130 S.Ct. 1431 (2010), class actions may be brought under these state statutes in federal court under Federal Rules of Civil Procedure Rule 23.

387070.1

n.  **Maryland Consumer Protection Act**, Md. Code Ann., Com. Law § 13-101, *et seq.*;

o.  **Massachusetts Regulation of Business Practices for Consumers' Protection Act**, Mass. Gen. Laws Ann. ch. 93A, § 1 *et seq.*;

p.  **Michigan Consumer Protection Act,** Mich. Comp. Laws § 445.901, *et seq.*;

q.  **Missouri Merchandising Practices Act**, Mo. Rev. Stat. § 407.010, *et seq.*;

r.  **Montana Unfair Trade Practices and Consumer Protection Act,** Mont. Code Ann. § 30-14-101, *et seq.*;

s.  **Nebraska Consumer Protection Act**, Neb. Rev. Stat. § 59-1601, *et seq.*;

t.  **New Hampshire Consumer Protection Act**, N.H. Rev. Stat. Ann. § 358-A:1, *et seq.*;

u.  **New Jersey Consumer Fraud Act**, N.J. Stat. Ann. § 56:8-1, *et seq.*;

v.  **New York Deceptive Acts and Practices Act**, N.Y. Gen. Bus. Law § 349, *et seq.*;

w.  **North Carolina Unfair Trade Practice Act**, N.C. Gen. Stat. § 75-1.1, *et seq.*;

x.  **Ohio Consumer Sales Practice Act**,  Ohio Rev. Code Ann. §1345.01, *et seq.*;

y.  **Rhode Island Unfair Trade Practices and Consumer Protection Act**, R.I. Gen. Laws § 6-13.1-1, *et seq.*;

z.  **South Carolina Unfair Trade Practices Act**, S.C. Code Ann. § 39-5-10, *et seq.*;

aa. **Tennessee Consumer Protection Act of 1977**, Tenn. Code Ann. § 47-18-101, *et seq.*;

bb. **Vermont Consumer Fraud Act**, Vt. Stat. Ann. tit. 9, § 2451, *et seq.*;

cc. **Washington Consumer Protection Act**, Wash. Rev. Code § 19.86.010, *et seq.*;

dd. **West Virginia Consumer Credit and Protection Act,** W. Va. Code Ann. § 46A-6-101, *et seq.*; and

ee. **Wisconsin Deceptive Trade Practices Act**, Wis. Stat. § 100.18, *et seq.*

48.     Plaintiff brings this count individually and as a class action pursuant Federal Rules of Civil Procedure Rule 23 on behalf of herself and the Count III class.

49.     Plaintiff is a "person" and "consumer" within the meaning of the CFA and the materially similar laws of the other states as pled in this Count.

50.     Defendant's representation that the Products were Natural was false and misleading to a reasonable consumer because the Products contained numerous unnatural synthetic ingredients.  The unfair and deceptive trade acts and practices of Defendant have directly, foreseeably and proximately caused damages and injury to Plaintiff and the other members of the Count III Class.

51.     In violation of the CFA and the materially similar laws of the other states as pled in this Count, Johnson & Johnson has used and employed unconscionable commercial practices, deception, misrepresentations and/or the knowing concealment, suppression, and/or omission of material facts concerning the ingredients in the Products.

52.     The foregoing acts, omissions and representations directly, foreseeably and proximately caused Plaintiff and the Count III Class to suffer an ascertainable loss when they paid a premium for the Products over comparable products that are not marketed as consisting of natural ingredients.

53.     Plaintiff and the Count III Class are entitled to recover damages and other appropriate relief, as alleged below.

## FOURTH COUNT
**(Brought by Plaintiff on Behalf of the Massachusetts Subclass, for Violations of Massachusetts Regulation of Business Practices for Consumers Protection Act Mass. Gen. Laws Ann. ch. 93A)**

54.     Plaintiff restates the allegations in Paragraphs 1 through 26 as though fully pled herein.

387070.1

55.     Plaintiff brings this count individually and as a class action pursuant Federal Rules of Civil Procedure Rule 23 on behalf of herself and the Massachusetts Subclass.

56.     Defendant is engaged in trade or commerce in the State of Massachusetts because Defendant offers for sale and distributes the Products in the State of Massachusetts.

57.     Upon information and belief, Defendant does not maintain a place of business or keep assets in the State of Massachusetts.

58.     By representing that the Products are "Natural" when the Products contain numerous unnatural synthetic ingredients, Defendant has engaged in unfair methods of competition and unfair and deceptive acts and practices within the meaning of Mass. Gen. Laws Ann. ch. 93A, § 2(a).

59.     Plaintiff suffered an injury as a result of Defendant's unlawful acts and practices by paying a premium for the Products over comparable products that are not represented to be Natural.

60.     Wherefore, Plaintiff is entitled to damages and other appropriate relief, as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against Defendant Unilever as follows:

a.      For an Order certifying the Classes described herein and appointing Plaintiff as Class Representative and her attorneys as Class Counsel;

b.      for an Order declaring that Defendant's conduct violates the statutes referenced herein;

387070.1

c.      for compensatory damages in favor of Plaintiff and the other members of the

        Class and against Defendant;

d.      for treble damages, reasonable attorneys' fees, filing fees, and the reasonable costs

        of suit;

e.      other appropriate legal or equitable relief;

f.      with respect to the Massachusetts Subclass: actual damages, appropriate equitable

        relief, double or treble damages and attorneys' fees and costs; and

g.      for such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all issues so triable.


Dated:  August 28, 2013                          **LITE DEPALMA GREENBERG, LLC**

                              By:      */s/ Joseph J. DePalma*
                                       Joseph J. DePalma
                                       Katrina Carroll
                                       Two Gateway Center, 12th Floor
                                       Newark, New Jersey 07102
                                       Tel: (973) 623-3000
                                       jdepalma@litedepalma.com
                                       kcarroll@litedepalma.com

                                       **IZARD NOBEL LLP**
                                       Robert A. Izard
                                       Jeffrey S. Nobel
                                       Nicole A. Veno
                                       29 South Main Street, Suite 305
                                       West Hartford, CT 06107
                                       Tel: (860) 493-6292

                                       ***Attorneys for Plaintiff***

387070.1

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

Plaintiff, by her attorneys, hereby certifies that to the best of her knowledge, the matter in controversy is not related to any other action.  Plaintiff is not currently aware of any other party who should be joined in this action.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated:  August 28, 2013                          **LITE DEPALMA GREENBERG, LLC**

By:      */s/ Joseph J. DePalma*
           Joseph J. DePalma
           Katrina Carroll
           Two Gateway Center, Suite 1201
           Newark, New Jersey 07102
           Tel: (973) 623-3000
           jdepalma@litedepalma.com
           kcarroll@litedepalma.com

25